Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000304
29-JUN-2018
08:58 AM

NOS. CAAP-18-0000304, CAAP-18-0000430 AND CAAP-18-0000518

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-18-0000304
STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

AND

CAAP-18-0000430
STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

AND

CAAP-18-0000518
STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALFRED N. SPINNEY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-17-03816)

ORDER
CONSOLIDATING CASE NUMBERS CAAP-18-0000304, CAAP-18-0000430 AND
CAAP-18-0000518 UNDER CASE NUMBER CAAP-18-0000304
AND
DISMISSING CONSOLIDATED APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record of district court criminal case number 3DTA-17-03816 for the resulting appeals in appellate court case numbers CAAP-18-0000304, CAAP-18-0000430, and CAAP-18-0000518, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In these three appeals, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from three interlocutory orders that the Honorable Margaret Masunaga entered on March 29, 2018,

April 2, 2018, and May 23, 2018, during the pretrial proceedings for Plaintiff-Appellee State of Hawaii's December 22, 2017 complaint against Spinney for (1) operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-62 (Supp. 2017) and (2) operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 (2005). Under these circumstances, the consolidation and dismissal of these three appeals is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to [Hawai'i Rules of Appellate Procedure] Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure; State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (regarding the appealability of a district court judgment of conviction); State v. Hern, 133 Hawai'i 59, 62, 323 P.3d 1241, 1244 (App. 2013) (regarding the appealability of a district court judgment dismissing the complaint without prejudice).

In the instant three appeals, the March 29, 2018 order, the April 2, 2018 order, and the May 23, 2018 order are not independently appealable final orders under HRS § 641-12, and, thus, they are interlocutory orders that would be eligible for appellate review only by way of an appeal from an appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97

2

Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment on the State's original December 22, 2017 two-count complaint, and, thus, we lack appellate jurisdiction over all three appeals.

Granted, on May 23, 2018, the district court entered a "FINDINGS AND JUDGMENT OF SUMMARY-DIRECT CRIMINAL CONTEMPT" against Spinney, finding that Spinney caused a breach of peace and disturbance in open court, and, consequently, Spinney was guilty of "summary-direct criminal contempt" in violation of subsections (a) and (b) of HRS § 710-1077(1) (2014 & Supp. 2017) under the circumstances described in HRS § 710-1077(3)(a). The district court sentenced Spinney to imprisonment for a term of thirty days. HRS § 710-1077(3)(a) authorizes a trial court to treat a party's contempt of court as a petty misdemeanor when the party commits the offense in the immediate view and presence of the trial court:

> (3)    The court may treat the commission of an offense under subsection (1) as a petty misdemeanor, in which case:
>
> (a)    If the offense was committed in the immediate view and presence of the court, or under such circumstances that the court has knowledge of all of the facts constituting the offense, the court may order summary conviction and disposition; . . . .

The district court's May 23, 2018 judgment pursuant to HRS § 710-1077(3)(a) is not an appealable final judgment under HRS § 641-12. The Supreme Court of Hawaiʻi has held that, instead, "HRS § 710-1077(5) governs the procedures for an appeal of a conviction of criminal contempt, pursuant to HRS § 710-1077(3)(a)[.]" State v. Tierney, 92 Hawaiʻi 178, 179, 989 P.2d 262, 263 (1999). HRS § 710-1077(5) provides that "[a] judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review." (Emphasis added.) Consequently, when a party is "convicted of and sentenced for criminal contempt under subsection (3)(a), HRS § 710-1077(5) requires that [the party] seek review in a proceeding for an extraordinary writ or special proceeding for review." Tierney, 92 Hawaiʻi at 179, 989 P.2d at 263. Thus, when a defendant, Tierney, attempted to appeal from a

district court conviction and sentence for criminal contempt of court pursuant to HRS § 710-1077(3)(a) under the statute authorizing defendants to appeal from district court judgments of conviction, HRS § 641-12, the Tierney court "dismiss[ed] Tierney's appeal for lack of appellate jurisdiction." Tierney, 92 Hawai'i at 179, 989 P.2d at 263. Similarly in the instant case, HRS § 710-1077(5) prevents the district court's May 23, 2018 judgment of conviction against Spinney for criminal contempt in violation of HRS § 710-1077(3)(a) from qualifying as an appealable judgment under HRS § 641-12. Absent an appealable final judgment under HRS § 641-12, we lack appellate jurisdiction over all three of Spinney's appeals.[1]

Therefore, IT IS HEREBY ORDERED that appellate court case numbers CAAP-18-0000304, CAAP-18-0000430, and CAAP-18-0000518 are consolidated under appellate court case number CAAP-18-0000304. The appellate court clerk shall file a copy of this order in appellate court case numbers CAAP-18-0000304, CAAP-18-0000430, and CAAP-18-0000518.

IT IS FURTHER HEREBY ORDERED that the consolidated appeals in appellate court case number CAAP-18-0000304 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge

---

[1] "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). "The general rule, however, assumes that the notice of appeal is valid under the applicable statutory provisions and procedural rules. Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citations omitted; emphasis added).